# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **EDDIE ROLLINS,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action Number: |
| **WARDEN FCI TALLADEGA,** | ) 1:18-cv-00052-AKK-SGC |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Eddie Rollins filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that his 360 month sentence was calculated incorrectly in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). Doc. 1. Rollins believes his claim falls within the saving clause[1] of 28 U.S.C. § 2255(e), which allows a federal prisoner to challenge his sentence in a § 2241 petition when he cannot raise that challenge in a § 2255 motion because of § 2255(h)'s bar against second and successive motions. Doc. 1. The magistrate judge's Report and Recommendation concludes that Rollins' petition is due to be dismissed because (1) *Gilbert v. United States* prohibits such motions where the sentence the prisoner is attacking does not exceed the statutory maximum, *see* 640 F.3d at 1295,

---

[1] The saving clause permits a second or successive motion where it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

and Rollins' sentence falls well within that range;[2] and (2) *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.* prevents § 2255(e) saving clause challenges solely on the basis of a change in case law, *see* 851 F.3d 1076, 1081 (11th Cir.) (en banc), which is precisely what Rollins seeks to do here. Doc. 3.

Rollins filed an objection, primarily arguing that *McCarthan* was wrongly decided and following this precedent would require him to have been "clairvoyant" enough to predict future changes in case law when he was challenging his sentence on direct review, as "[t]he line of cases supporting Rollins' claims did not arise until long after his original § 2255 motion was filed." Doc. 3. The court generally agrees with Rollins, as the *McCarthan*'s majority opinion "reads the savings clause right out of the statute" and "leaves federal judges unaccountable when we wield our power to take away people's liberty for longer than the law allows." *McCarthan*, 851 F.3d at 1119 (Martin, J., dissenting). Unfortunately, *McCarthan* is the law of the Eleventh Circuit. Accordingly, the magistrate judge's Report and Recommendation, doc. 3, is due to be adopted. A separate order will be entered.

**DONE** the 14th day of March, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[2] Rollins was convicted of several drug crimes, including 21 U.S.C. § 841(a)(1), which includes a maximum sentence of life in prison for any crime involving "50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers." 21 U.S.C. § 841 (b)(1)(A)(viii).